```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


UNITED STATES OF AMERICA       )
                               )
          v.                   )    CRIMINAL NO. 2:05 MJ 168
                               )                 2:05 CR 124
BEN HICKMAN, JR.               )
```

DETENTION ORDER AND OPINION

At the August 15, 2005 initial appearance, the government requested that the defendant, Ben Hickman, Jr., be held without bond.  A detention hearing was conducted on August 18, 2005, and the court now makes the following findings of fact:

1. The defendant currently is charged in a four count indictment with violations of 21 U.S.C. § 841(a)(1).  If convicted, the defendant faces a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment.

2.  At the detention hearing, the government relied upon the indictment, the probable cause affidavit filed on August 11, 2005, and the prebond report prepared by the United States Probation Department.  The defendant called Noe Perez, a Gary police officer assigned to the GRIT Task Force, and proffered evidence from the defendant's mother.

3.  The indictment alleges three controlled buys of crack cocaine.  In two of the buys, it is alleged that the defendant sold a confidential informant more than five grams of crack cocaine, and one of the charged buys was for less than five grams of crack cocaine.

4.   The defendant was not armed during any of the controlled buys, he did not threaten the confidential informant, and he did not resist arrest.

5.   In the prebond report, the defendant admitted to using marijuana and cocaine on a regular basis.

6.   On February 25, 1998, the defendant pled guilty to criminal recklessness, a Class D felony, pursuant to a plea agreement.  In exchange for his guilty plea, the state dismissed five counts of attempted murder and four counts of criminal recklessness.  The defendant received an 18 month prison sentence and was placed on probation for 18 months.

7.   On April 24, 2001, the defendant was convicted in this court of using a communication facility for purposes of distributing crack cocaine.  The defendant received a 41 month prison sentence with 12 months of supervised release.  On September 2, 2003, the supervised release was revoked, and the defendant was sentenced to 24 months in prison.

8.   On April 9, 2005, the defendant was arrested for possession of cocaine in Lake County, Indiana.  He was released on bond on April 11, 2005.  A hearing is scheduled for September 16, 2005.  The events alleged in the pending indictment occurred while the defendant was on bond.

9.   The defendant has been arrested on 17 other occasions and has six misdemeanor convictions.  The convictions include narcotics offenses, resisting arrest, driving while suspended, and harassment.

10.  The defendant is unemployed and receives social security benefits because of a mental disability.

Under 18 U.S.C. ß3142(e), a rebuttable presumption exists that a defendant is a danger to the community if he is charged with a narcotics offense where the penalty is at least ten years imprisonment.  In **United States v. Anderson**, 72 F.3d 563 (7th Cir. 1995), Circuit Judge Daniel Manion stated in a concurring opinion:

> Illegal drugs such as cocaine, the product Anderson chose to sell, are dangerous, addictive, and destructive to the user.  Sellers viciously fight over customers and selling territory.  We have consistently held that guns are typical tools of this dangerous trade.  In short, while "not all drug offenses are violent," the drug trade and culture are inherently violent.  Users will rob and maim to obtain money for their next purchase.  Street sellers and large quantity distributors alike inflict wanton violence upon competitors and traitors.

72 F.3d at 567

*See also* **United States v. Thompson**, 286 F.3d 950, 960 (7th Cir. 2002) (The Court of Appeals commented on the relationship between weapons and narcotics trafficking because "of the violent nature of the drug business"); **United States v. Hernandez-Rivas**, 2003 WL 22455959 (7th Cir. 2003)(cocaine trafficking is "a crime infused with violence"); **United States v. Johnson**, 170 F.3d 708, 719 (7th Cir. 1999) ("No one disputes that drugs are a scourge on society, especially on the lives of those who live in the midst of the dangerous drug culture"); **United States v. Stowe**, 100 F.3d 494,

3

499 (7th Cir. 1996) ("drug dealing is a crime infused with violence").

Hickman is charged with distributing crack cocaine.  In *United States v. Lawrence*, 951 F.2d 751 (7th Cir. 1991), the Court of Appeals stated:

> Drug use is a cancer that threatens society, particularly in the form of increased criminal activity.  The highly addictive nature of crack, its growing availability, and relative low cost all serve to increase the risks associated with its use.

951 F.2d at 755

See also *United States v. Thornton*, 197 F.3d 241, 246 (7th Cir. 1999) ("The drug of choice is invariably cocaine, often in its most addictive form as crack"); *United States v. Robinson*, 164 F.3d 1068, 1071 n.1 (7th Cir. 1999)(the Court of Appeals noted that "the testimony at trial clearly established that [the defendant] distributed crack, not some less devastating species of cocaine"); *United States v. Booker*, 70 F.3d 488, 494 n.24 (7th Cir. 1995) ("more violence is associated with the distribution of crack than powder cocaine (often because the crack market attracts younger, presumably more crime-prone sellers.)") (internal quotation marks omitted); *United States v. Jones*, 54 F.3d 1285, 1294 (7th Cir. 1995) (expressing concern "about the heightened addictiveness and dangerousness of cocaine base as compared to ordinary cocaine").

The government has demonstrated by clear and convincing evidence that Hickman is a danger to the community and "that no condition or combination of conditions will reasonably assure

4

. . . the safety of . . . the community . . . ."  Section 3142(e)  The defendant has two prior felony convictions including a narcotics conviction in this court.  At the time of the three controlled buys, the defendant was on bond in state court for another narcotics offense.

The defendant currently is unemployed and has admitted to suing marijuana and cocaine on a daily basis.  *See generally* **United States v. Raimondi**, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (*quoting* the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime").  Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. ß 3142(e)

Pursuant to 18 U.S.C. ß3142(i), it is further **ORDERED** that:

- A.  The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B.  The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C.  The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 30th day of August, 2005

                                        s/Andrew P. Rodovich
                                          United States Magistrate Judge