UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:05 CR 124 |
| | ) | |
| BEN HICKMAN, JR. | ) | |

## O R D E R

This matter is before the court on the report and recommendation (DE # 153) issued by Magistrate Judge Paul R. Cherry after a supervised release revocation hearing was held on December 19, 2016. The Magistrate Judge found that defendant committed a Grade A violation of his supervised release and recommended that he be ordered to serve 24 months of additional imprisonment. (*Id.* ¶¶ 4, 6.) On December 21, 2016, defendant filed an objection to the report and recommendation. (DE # 154.) Defendant argues that his conduct in this case establishes a Grade C violation, rather than a Grade A violation. (*Id.* ¶ 6.) The government responded to the objection on January 5, 2017. (DE # 158.) No reply was filed.

Because written objections to the Magistrate Judge's report and recommendation were made, the court must make a *de novo* determination of those portions of the report to which defendant objects. *See, e.g.*, *United States v. Blanco*, No. 1:11-CR-0204-TWP-TAB, 2014 WL 1614575, at *3 (S.D. Ind. Apr. 22, 2014). Since defendant has objected to the grade of his violation, the court must make a *de novo* determination of that grade. In making its determination, the court reviewed the report and recommendation, the objection, the briefs, the record, a transcript of the hearing, and the three exhibits offered at the hearing.

In his objection, defendant argues that the Magistrate Judge improperly relied on a statement made by the United States Probation Officer during the hearing. According to defendant, the Probation Officer improperly informed the court regarding how to determine a grade for a supervised release violation. (DE # 154 ¶ 1.) However, defendant did not object to this statement during the hearing. (*See* DE # 158 ¶ 7.) Furthermore, defendant admits that the Probation Officer's statement was "not necessarily inaccurate," rather it was "not complete." (DE # 154 ¶ 2.)

Regardless of what the Probation Officer said during the hearing, the court must rely on the United States Sentencing Guidelines in reaching its determination. According to those guidelines, a Grade A violation includes conduct constituting a controlled substance offense punishable by a term of imprisonment exceeding one year. U.S.S.G. § 7B1.1. Such an offense punishable by a term of imprisonment of one year or less is a Grade C violation. *Id.* Furthermore, "[t]he grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct."§ 7B1.1 cmt. n.1.

At the hearing, defendant admitted to the actual conduct of possessing cocaine on June 12, 2015. Defendant echoes this admission in his own objection. (DE # 154 ¶ 5.) Defendant also asserts that, in the state of Indiana, the conduct of simple possession of cocaine carries a penalty range of six months to two and one-half years imprisonment. (*See* DE # 154 ¶ 5.) The fact that the trial judge entered judgment as a misdemeanor and

sentenced defendant to one year of incarceration does not mean that defendant's conduct was not *punishable* by a term of imprisonment exceeding one year. Thus, the Magistrate Judge correctly found that defendant committed a Grade A violation.

For the reasons set forth above, the Magistrate Judge's findings and recommendations are now **ADOPTED**. Defendant Ben Hickman, Jr. is **ADJUDGED** to have committed a violation of his supervised release described in the November 9, 2015 petition (DE # 116), except that it is for possession of cocaine rather than distribution of cocaine. Defendant's term of supervised release is **REVOKED** and he is hereby committed to the United States Bureau of Prisons to serve 24 months of additional imprisonment. At defendant's request, the court recommends to the Bureau of Prisons that defendant be granted credit for time served from November 1, 2016, and that he be placed in a halfway house, if available, when appropriate according to Bureau of Prisons guidelines. Upon his release from the Bureau of Prisons, defendant shall be discharged from any further term of supervision.

**SO ORDERED.**

Date: January 23, 2017

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT